IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIV |
| v. | ) ) | **COMPLAINT** |
| FISHER SAND & GRAVEL CO. | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Melony Encinias and a class of females, including at least Donna Romero, who were adversely affected by such practices during their employment with Defendant Fisher Sand & Gravel Co. ("Defendant Employer"). The Commission alleges that Melony Encinias and at least one other female, Donna Romero, were subjected to sexual harassment by a supervisory official of Defendant Employer, including, but not limited to, verbal sexual harassment, including sexual comments and innuendo, which created a hostile work environment for them because of their sex, female. The Commission also alleges that Melony Encinias suffered retaliation in the terms, conditions or privileges of her employment because she opposed the supervisor's unwelcome sexual conduct. Finally, the Commission alleges that Melony Encinias was forced to resign her employment because of the pervasive sexual harassment, the retaliation she experienced, and the employer's failure to provide appropriate preventive or remedial relief.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Employer has continuously been a North Dakota corporation doing business in the State of New Mexico and the Cities of Albuquerque and Mora, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Melony Encinias filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2006, Defendant Employer has engaged in unlawful employment practices at its Mora, New Mexico work site in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) because of sex. These practices include but are not limited, to:

a) the harassment of Melony Encinias and a class of at least one other female employee, which created a hostile work environment, because of their sex, female;

b) the constructive discharge of Melony Encinias in about July 2007 as a result of Defendant Employer's discrimination against her because of her sex, female, and Defendant Employer's failure to provide appropriate preventive or remedial relief from the harassment.

8. Since at least June, 2007, Defendant Employer has engaged in unlawful employment practices at its Albuquerque, New Mexico facility in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a) because of Melony Encinias' opposition to what she reasonably perceived as unlawful employment practices. These alleged retaliatory practices include, but are not limited to, falsely accusing Encinias' of fighting with a co-worker, attempting to strike Encinias' with a vehicle, threats of firing and other interference with the terms, conditions or privileges of Encinias' employment. Because of the retaliatory practices, Ms. Encinias was constructively discharged from her employment

9. The effect of the practices complained of in paragraphs 7-8 above has been to deprive Melony Encinias and a class of females of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

10. The unlawful employment practices complained of in paragraphs 7-8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 7-8 above were done with malice and/or with reckless indifference to the federally protected rights of Melony Encinias and other female employees of Defendant Employer.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it, from engaging in harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that retaliates against any individual for opposition to perceived unlawful employment practices and/or because the individual has made a charge, testified, assisted or participated in any manner in a Title VII proceeding.

C.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination and retaliation.

D.     Order Defendant Employer to make whole Melony Encinias, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement and/or front pay in lieu of reinstatement.

E. Order Defendant Employer to make whole Melony Encinias by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-8 above, including job search expenses and other pecuniary losses, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Melony Encinias and the class of females by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

G. Order Defendant Employer to pay Melony Encinias and the class of females punitive damages for its malicious and/or reckless conduct described in paragraphs 7-8 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 30th day of March 2009.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C.  20507


/s/ Medina for Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

/s/ Medina for Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Phoenix District Office
3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012


*Electronically Filed*

/s/ LORETTA MEDINA
Senior Trial Attorney

VERONICA A. MOLINA
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230

Attorneys for Plaintiff