# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

v.                                                                                                     CV 09-0309 MV/WPL

FISHER SAND & GRAVEL CO.,

       Defendant.

## ORDER

The Equal Employment Opportunity Commission (EEOC) brought this action for sexual harassment and retaliation against Fisher Sand & Gravel Co. (Doc. 1.) The complaint alleges that the charging party and at least one other female employee of Fisher were subjected to a hostile work environment. The EEOC seeks relief on behalf of the charging party and a class of females. (*Id.*)

Fisher served a notice of deposition duces tecum on the EEOC, expressing its intent to depose D'Ontae Sylvertooth, the EEOC investigator who investigated the charge of discrimination that precipitated this suit. (Doc. 23 Ex. A.) Fisher's counsel advised the EEOC that he wished to depose Mr. Sylvertooth regarding the "facts he gathered before the EEOC made the decision to file the lawsuit" and "the activities he conducted and the information he obtained during his investigation of the charge, including information he compiled relating to the damages allegedly suffered by" the charging party and the named class member. (Doc. 24 Ex. B (emailed correspondence).) The notice of deposition also requested that Mr. Sylvertooth bring to the deposition: 1) all non-privileged documents he used in preparation for the deposition; 2) a copy of the EEOC compliance manual; 3) a copy of the EEOC's conciliation procedures; and 4) documents

reflecting the EEOC's efforts to conciliate the claims at issue in this suit, including the class claims. (Doc. 23 Ex. A.)

The EEOC responded to the notice with a motion for a protective order. For the reasons that follow, the motion will be denied.

### *Standards Applicable to Motions for Protective Orders*

A "court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). The bar for issuance of a protective order is high. *Minter v. Wells Fargo Bank*, 258 F.R.D. 118, 125 (D. Md. 2009). If the discovery sought is relevant, the party moving for a protective order bears the burden of showing good cause. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992); *see also Hammond v. Lowe's Home Ctrs.*, 216 F.R.D. 666, 670 (D. Kan. 2003) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance . . . ."). To show good cause, the movant must provide "specific, articulable facts and not merely speculative or conclusory statements." *Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30 (D.D.C. 2009).

### *Deposition of Investigator*

In its motion for a protective order, the EEOC seeks to prohibit the deposition of its investigator, Mr. Sylvertooth. In general, the EEOC argues that the information sought is cumulative and duplicative and can be obtained from other sources that are more convenient and less burdensome and expensive; that Fisher has had ample opportunity to obtain the information by discovery; and that the burden and expense of the deposition outweigh its likely benefit. *See* FED. R. CIV. P. 26(b)(2)(C). Specifically, the EEOC argues that Fisher should not be allowed to depose Mr. Sylvertooth because the adequacy of the EEOC's investigation is not at issue in this case; because it has already provided Fisher with the non-privileged parts of its investigative file for the

case; because Mr. Sylvertooth was not a witness to the underlying facts; because it will be burdensome and expensive for the EEOC to have to defend Mr. Sylvertooth's deposition on top of defending all of the depositions for fact witnesses who may testify at trial; because the facts that might be discovered during Mr. Sylvertooth's deposition are available from less burdensome sources (such as the investigative file, the fact witnesses, and Fisher's own records as to the alleged victims' wages); and because the deposition may delve into matters that are protected by the deliberative-thought-process privilege or the attorney-client privilege.  These arguments are not well taken.

Rule 30 of the Rules of Civil Procedure allows a party to depose any person, including another party.  FED. R. CIV. P. 30(a)(1).  This rule grants a party the general right to compel any person to appear at a deposition.  *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002).  Consequently, a protective order that totally prohibits a deposition should rarely be granted absent extraordinary circumstances.  *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001).

The EEOC, as the plaintiff in this suit, is not exempt from Rule 30.  "When the [EEOC] seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over."  *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 398 (E.D. Cal. 2009) (rejecting argument that deposition of investigator was unreasonably burdensome for EEOC); *accord EEOC v. Corr. Corp. of America*, No. 06-CV-01956-EWN-MJW, 2007 WL 4403528, at *1 (D. Colo. Dec. 13, 2007); *EEOC v. Airborne Express*, No. CIV. A. 98-1471, 1999 WL 124380, at *2 (E.D. Pa. Feb. 23, 1999); *EEOC v. Citizens Bank & Trust Co.*, 117 F.R.D. 366, 366 (D. Md. 1987).  Nor can the EEOC prevent Mr. Sylvertooth's deposition by providing its investigative file.  Fisher is entitled to ask the investigator questions about the documents in the file for clarification and interpretation.  *See Cal. Psychiatric Transitions*, 258

3

F.R.D. at 397; *EEOC v. Lifecare Mgmt. Servs., Inc.*, No. 02:08-CV-1358, 2009 WL 772834, at *2 (W.D. Pa. March 17, 2009); *EEOC v. Albertson's LLC*, No. 06-CV-01273-WYD-BNB, 2007 WL 1299194, at *1 (D. Colo. May 1, 2007).  Questions regarding the factual basis of the investigation and the information provided to Mr. Sylvertooth by the charging party are relevant to the hostile work environment and retaliation claims asserted in this suit.  *See EEOC v. Greater Metroplex Interiors, Inc.*, No. 3-08-CV-1362-P, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009); *see also EEOC v. Burlington N. & Santa Fe Ry.*, No. CIV-07-734-D, 2008 WL 4845308, at *3 (W.D. Okla. June 23, 2008)  ("Because the EEOC conducted a factual investigation into the allegedly unlawful [conduct], the investigator's knowledge of relevant information is a legitimate source of inquiry . . . .").  As another judge has noted, "[N]o principle of law . . .  precludes a party from pursuing during a deposition a topic about which it has already received information via other discovery devices.  By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery."  *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125-26 (D.D.C. 2005).

As for the EEOC's argument that the deposition will involve "potentially privileged" information (Doc. 24 at 7; Doc. 30 at 8), I will not attempt to prejudge whether questions that have yet to be asked call for privileged information.  If the EEOC believes that the answers to any questions asked during the deposition would entail privileged information, it may object on the basis of privilege at that time.  *See Lifecare Mgmt. Servs., Inc.*, 2009 WL 772834, at *2; *Greater Metroplex Interiors*, 2009 WL 412934, at *2; *Burlington N.*, 2008 WL 4845308, at *3; *Corr. Corp. of America*, 2007 WL 4403528, at *1; *Albertson's LLC*, 2007 WL 1299194, at *2; *see also In re Grand Jury Subpoena Duces Tecum*, 697 F.2d 277, 279 n.1 (10th Cir. 1983) (noting that the Tenth Circuit has condemned blanket assertions of privilege).

4

### *Documents*

In addition to requesting that the deposition itself be quashed, the EEOC objects to providing copies of its compliance manual and its conciliation procedures and copies of documents reflecting its efforts to conciliate the claims at issue in this suit. The EEOC argues that its compliance and conciliation procedures are not relevant because Fisher terminated conciliation of this case and cannot challenge the EEOC's investigation procedures in any event. The EEOC further argues that it would be unduly burdensome to force the EEOC to abandon its focus on this litigation to educate Fisher on its processes and procedures, especially since the EEOC has already provided Fisher with certain conciliation-related documents, which should be sufficient to refresh Fisher's recollection of the EEOC's attempts to conciliate this case.

In its answer, Fisher asserts that the class claims are barred to the extent that the EEOC failed to conciliate them. (Doc. 8 at 3.) Fisher has also filed a motion to dismiss, arguing in part that the class claims should be dismissed because the EEOC failed to conciliate them. (Doc. 9 at 6-7.) Accordingly, the compliance and conciliation documents are relevant. Although the EEOC argues that it was not required to identify each person within the class during conciliation and that Fisher has no viable conciliation-related defense, these arguments go to the merits of Fisher's motion to dismiss, which will be determined by the presiding judge. *See Lifecare Mgmt. Servs., Inc.*, 2009 WL 772834, at *3 ("[D]espite the EEOC's belief that it fulfilled its statutory obligation to conciliate before filing this lawsuit, the Defendants are entitled to discovery on the issue before any dispositive ruling."). And the EEOC has not provided any detail or factual support for its broad assertion that it would be unduly burdensome to produce these documents or to allow Mr. Sylvertooth to be deposed about conciliation.

Finally, the EEOC argues that it should not have to produce its compliance manual because the manual is available on its website. "The rules of discovery, however, do not permit parties to withhold material simply because the opponent could discover it on his or her own." *Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996). "It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'" *City Consumer Servs. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) (quoting *Petruska v. Johns-Manville*, 83 F.R.D. 32, 35 (E.D. Pa. 1979)); *accord St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000).

### *Conclusion*

The information sought by the notice of deposition duces tecum appears to be relevant, and the EEOC has failed to show good cause for the issuance of a protective order. Therefore, the motion for a protective order is denied.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.