**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                         CV 09-0309 MV/WPL

FISHER SAND & GRAVEL CO.,

    Defendant.

**ORDER**

This matter is before me on a motion to compel filed by Fisher Sand & Gravel Co. The motion will be denied for the reasons stated below.

*Background*

The EEOC's complaint seeks compensation for, among other things, "emotional pain, suffering, inconvenience, mental anguish, humiliation, [and] loss of enjoyment of life" on behalf of Melony Encinias and a class of females. (Doc. 1 at 5.) At the initial scheduling conference, the EEOC's attorney stipulated that the class members' claims for emotional pain and mental anguish are of the "garden variety" and that, therefore, D.N.M.LR-Civ. 26.3(d) does not apply. (Doc. 21.) Thereafter, Fisher deposed Encinias, who testified that she believes that her employment with Fisher caused her emotional distress because she has trouble with concentration and socializing, has difficulty trusting people, and experiences nightmares and anxiety. (Doc. 51 Ex. B.) She indicated that she was successfully treated by a doctor for anxiety a few years before she was employed by Fisher. The anxiety resumed after her employment with Fisher. A doctor has prescribed medication for the renewed anxiety, but Encinias did not like it and stopped taking it. She also claimed that the

stress from her employment with Fisher has caused her to have headaches and high blood pressure and that she popped a vein in her eye because of stress. She is being treated by a doctor for the headaches and high blood pressure. Additionally, Encinias has seen a doctor for stomachaches, which she thinks may be caused in part by her employment with Fisher. (*Id.*)

Fisher has now filed a Motion and Brief to Compel Production of Medical and Mental Health Records Releases for Melony Encinias. (Doc. 51.) Fisher contends that the complaint's prayer for relief placed Encinias's physical and mental injuries in dispute, yet the EEOC failed to provide the names of her medical and mental health providers, her medical records, or medical releases with its initial disclosures. Fisher asserts that D.N.M.LR-Civ. 26.3(d) requires the EEOC to provide this documentation. Fisher raised this issue at the initial scheduling conference, but did not pursue the issue because of the EEOC's stipulation that it was making only garden variety claims for emotional pain and mental anguish. However, Fisher believes that it is clear from Encinias's deposition testimony that her emotional pain and mental anguish damages go beyond the garden variety.

In response, the EEOC stands by its stipulation that it is seeking relief for garden variety claims and affirmatively states that it "does not seek recovery for any diagnosis of acute medical, psychiatric, or psychological condition." (Doc. 55 at 2.) Further, the EEOC stated in its initial disclosures that it will not use any healthcare providers to support its claims or defenses. (Doc. 51 Ex. A.) The EEOC argues that it properly refused to provide the names of healthcare providers, medical records, and medical releases because it does not intend to offer testimony from any healthcare provider at trial.[1]

---

[1] The EEOC also argues that the information sought by Fisher is not relevant. Because the motion to compel is premised on D.N.M.LR-Civ. 26.3(d), I find it unnecessary to determine whether the information would be relevant if Fisher had asked for it through interrogatories and requests for production.

*Discussion*

Resolution of this dispute centers on D.N.M.LR-Civ. 26.3(d). That rule states:

> **Required Initial Disclosure.** In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
>
> (1)  a list of the name, address and phone number of any healthcare provider[s] . . . which have treated the party within the last 5 years . . .;
> (2)  all records of such healthcare providers which are already in that party's possession . . .;
> (3)  for each healthcare provider, a signed authorization to release medical records . . . .

D.N.M.LR-Civ. 26.3(d).

Importantly, the rule only requires the enumerated disclosures if a party plans to use the information to support its claims or defenses. Disclosure is not required merely because a party's "physical or mental medical condition . . . is an issue." This limitation is necessitated by the 2000 amendments to Rule 26 of the Federal Rules of Civil Procedure.

In 1993, Rule 26 of the Federal Rules of Civil Procedure was amended to require that certain initial disclosures be made without a discovery request. *See* FED. R. CIV. P. 26 advisory committee's note to the 1993 amendments. The rule required a party to provide the name and contact information "of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings" and "a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings." FED. R. CIV. P. 26(a)(1)(A), (B) (as amended to Oct. 1, 1993.) These disclosures were required "[e]xcept to the extent otherwise stipulated or directed by order or local rule." *Id.* Thus, although the rule required fairly broad initial disclosures, it also allowed each district to modify the required

disclosures—or even to exempt all cases from the disclosure requirement—by local rule.  *See* FED. R. CIV. P. 26 advisory committee's note to the 1993 amendments.  This Court opted to require initial disclosures, with some exceptions.  *See* D.N.M.LR-Civ. 26.3 ("All provisions of Fed.R.Civ.P. 26 are applicable to actions in this District, unless specifically exempted by local rule.") (as effective Jan. 1, 1999).

Rule 26 was amended again in 2000.  The language allowing the disclosure requirements to be modified by local rule was deleted.  *See* FED. R. CIV. P. 26(a)(1)(A) & advisory committee's note to the 2000 amendments.  Thus, the amendment eliminated "the authority to alter or opt out of the national disclosure requirements by local rule, invalidating [rules] that purport to create exemptions from—or limit or expand—the disclosure provided under the national rule."  FED. R. CIV. P. 26 advisory committee's note to the 2000 amendments.  This was done "to establish a nationally uniform practice."  *Id.*  Furthermore, the scope of the required initial disclosures was "narrowed to cover only information that the disclosing party may use to support its position."  *Id.*  This was accomplished by limiting the disclosure of individuals and documents to those that the party "may use to support its claims or defenses."  FED. R. CIV. P. 26(a)(1)(A)(i), (ii); *see Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 953-54 (10th Cir. 2004) (explaining that under the 2000 amendments a party is not obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use), *abrogated on other grounds by Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006).  In 2001, this Court amended its local rule to add the "may use to support its claims or defenses" language.  *See* D.N.M.LR-Civ. 26.3(d) (as effective July 31, 2001).

In this case, the EEOC denies that it intends to use any of Encinias's doctors or medical evidence to support its claims.  Accordingly, the EEOC was not required to provide the names of Encinias's medical and mental health providers, her medical records, or medical releases with its

4

initial disclosures. Because D.N.M.LR-Civ. 26.3(d) does not require the disclosure of this information unless a party plans to use it to support its claims or defenses, and because Fisher bases its motion to compel on D.N.M.LR-Civ. 26.3(d), the motion to compel must be denied.[2]

In the event the motion to compel is denied, Fisher alternatively moves for an order precluding Encinias from testifying at trial regarding her emotional distress. Fisher must submit this motion to the presiding judge, who will determine what evidence is admissible at trial.

## *Conclusion*

The Motion and Brief to Compel Production of Medical and Mental Health Records Releases for Melony Encinias is DENIED.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[2] Fisher refers in passing to its ninth request for production, suggesting that this request sought medical records. This request sought documents that "refer, concern, or relate to any claims for damages or injury . . ., including, but not limited to, any and all medical bills or records, bills from any mental health professional(s), and other documentation of loss sustained by any class member . . . ." (Doc. 51 Ex. C.) Fairly read, this request sought documentation regarding the amount of damages.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.