IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,                        No: CIV 09-0309 MV/WPL

        v.

FISHER SAND & GRAVEL CO. ,

        Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS CLASS CLAIMS**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss The EEOC's Class-Based Allegations, filed June 15, 2009 (Doc. 9) (Defendant's <u>Motion</u>).  The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities.  The Court concludes that the motion to dismiss must be granted in part and denied in part.

I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged employee discrimination case against Defendant, brought by the EEOC on behalf of Melony Encinias, Donna Romero, and other unnamed class members.  Melony Encinias filed a complaint with the EEOC on September 14, 2007; a copy of the complaint form was sent to the Defendant.  *See Def.'s Ex. B* (Doc. 9, p. 2).  On November 5, 2007 the EEOC acknowledged Defendant's initial denial of the allegations (*See Def.'s Ex. C* (Doc. 9, p. 4)), and requested additional information from the Defendant to aid in its investigation.  *See Def.'s Ex. D* (Doc. 9, p. 5).

On May 1, 2008, the EEOC made a predetermination regarding the case, finding that Ms. Encinias had been sexually harassed and was forced to resign or was terminated when she resisted her supervisor's advances.  On July 9, 2008 the EEOC issued its final administrative determination in the matter.  It found:

• Ms. Encinias and at least one other female were subjected to unwelcome sexual comments during their employment, they had made reasonable efforts to complain, and Defendant did not take appropriate preventive or corrective actions;

• there was reasonable cause to believe that Defendant had violated several provisions of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., namely:

  • Section 703(a) of Title VII, by subjecting Ms. Encinias and "other female employees" to a hostile work environment due to verbal sexual harassment;

  • Section 704(a) of Title VII, by retaliating against Ms. Encinias in a number of ways;

  • Sections 703(a) and 704(a) of Title VII because Ms. Encinias was forced to resign her position as a result of Defendant's behaviors/a hostile work environment.

*See Def.'s Ex. H* (Doc. 9).

In a letter dated August 8, 2008 and sent to Defendant, the EEOC proposed a resolution which entailed lost wages and compensatory damages for Ms. Encinias and Ms. Romero, a prohibition against retaliation, an update of the defendant's policies and procedures to comply

with EEOC laws, training by Defendant regarding Title VII of the Civil Rights Act, a posting by defendant of notices regarding Civil Rights, and reporting by the Defendant of adherence to the provisions of a conciliation agreement, if one was reached.  *See Def.'s Ex. I* (Doc. 9).

In a letter dated September 5, 2008, the EEOC confirmed a conciliation meeting between Defendant and "all parties involved in this matter."  *See Pl.'s Ex. B* (Doc. 11).  On October 16, 2008, in a letter to Plaintiff, Defendant indicated that "we do not believe it would be beneficial to continue with conciliation at this juncture."  *Pl.'s Ex. E.*  On October 27, 2008, Plaintiff sent a letter to Defendant acknowledging Defendant's letter, and informing Defendant that this statement was interpreted as a refusal to continue with the conciliation process and that the matter would be referred to Plaintiff's area office.  *See Pl.'s Ex. F.*  On October 29, 2008, Plaintiff's Area Office Director, to whom the case had been referred, sent a letter to Defendant noting again that conciliation had been unsuccessful.  *See Pl.'s Ex. G.*  Plaintiff filed suit in United States District Court on March 30, 2009.

On June 15, 2009, Defendant filed a Motion to Dismiss (Doc. 9), arguing that the EEOC had not followed proper procedure in investigating the Title VII claim in several ways, and therefore the case should either be dismissed entirely, or portions of the claim should be dismissed: Defendant argued that the EEOC did not give it adequate notice of class claims and did not undergo a conciliation process on behalf of a class, and therefore the action must be dismissed as to any (former) employees except for Ms. Encinias and Ms. Romero; that any claims on behalf of an unnamed class were not timely, because they did not occur within 300 days of the filing by Ms. Encinias, therefore the action must be dismissed as to any (former) employees except for Ms. Encinias and Ms. Romero; and that the EEOC did not provide Defendant with notice that the investigation and claim might not be limited to Defendant's Mora,

New Mexico location, therefore any claims that are not geographically limited to Mora, New Mexico should be dismissed.

Plaintiff's Response confirms that its claims are limited to the Defendant's Mora, New Mexico location, and any other locations where class members based out of the Mora, New Mexico office may have been sent to perform their duties. Plaintiff contests other grounds for dismissal and further contends that defendant referred to alleged facts not in the pleadings, and therefore Defendant's Motion for Dismissal should be converted to a Rule 56.1(b) Motion for Summary Judgment.[1] Plaintiff further contends that Defendant did not contact Plaintiff, as procedurally required, to determine if Plaintiff would oppose or concur in a motion to dismiss. *See Pl.'s Ex. I* (Doc. 11, p. 6).

## II. WHETHER IT IS APPROPRIATE TO CONSIDER THIS MOTION A 12(b)(1) MOTION OR A SUMMARY JUDGMENT MOTION UNDER 56.1(b)

Plaintiff argues that Defendant's Motion to Dismiss is based on a failure to state a claim under 12(b)(6), and since Defendant relies on evidence outside of pleadings, the Motion should therefore be converted into a Motion for Summary Judgment and denied due to the existence of disputes as to issues of material fact. *See* Plaintiff's Response pp. 7-9 (Doc. 11).

It is established that, in reviewing a 12(b)(6) motion for failure to state a claim, where the movant has referred to facts or matters outside the pleadings, the court must either convert the motion to a motion for summary judgment or must exclude these outside references. *See* Fed R. Civ P. R 12 (d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

---

[1] In doing so, Plaintiff assumes (Defendant Movant's initial brief was not specific) that Defendant's Motion is arguing for dismissal under 12(b)(6); Defendant's Reply clarifies that Defendant is seeking dismissal under 12(b)(1).

judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). *See also Jackson v. Integra, Inc. and Marriott, Inc.*, 952 F.2d 1260, *1261, 1991 U.S. App. Lexis 30327, **3-4 (10th Cir. 1991).

Defendant's Motion does not explicitly state which federal rule it is relying upon as a basis for its Motion to Dismiss. However, the Motion to Dismiss relies primarily on the argument that the Plaintiff failed to exhaust administrative remedies prior to bringing suit in federal court. *See* Defendant's <u>Motion</u> (Doc. 9). As Defendant correctly states, exhaustion of administrative remedies is more akin to a jurisdictional prerequisite argument than a 12(b)(6) failure to state a claim - as such it falls under 12(b)(1).[2] *See Welsh v. City of Shawnee*, 1999 Colo. J. C.A.R. 3049; *citing Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999); *also citing Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997).

Defendant is also correct that a court may look outside pleadings to resolve a jurisdictional issue without converting a 12(b)(1) motion into a Motion for Summary Judgment: "when a party challenges subject-matter jurisdiction, the Court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts . . . Moreover, '[i]n such instances, a court's reference to evidence outside pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment.'" *Farley v. Leavitt*, 2007 U.S. Dist. LEXIS 98408 at *10-11 (D. N.M. 2007); *citing and quoting Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003). Therefore this Court declines to convert Defendant's Motion

---

[2] "Rule 12. Defenses and Objections . . . (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction" Fed. R. Civ. Proc. R 12.

to Dismiss as a whole into a Rule 56 Motion because the vast majority of Defendant's arguments are regarding exhaustion of administrative remedy, and therefore fall under 12(b)(1) and may not be converted.

One argument in Defendant's Motion does not properly fall under 12(b)(1), and that is the timeliness issue.  The alleged untimeliness of unnamed class members in filing a complaint with the EEOC does not create a jurisdictional barrier to this case under 12(b)(1); rather, a failure to timely file a complaint with the EEOC would raise an issue of whether there were disputed facts that might warrant equitable estoppel or tolling, which would fall under 12(b)(6). *See Richardson v. Frank*, 975 F.2d 1433, 1435, 1991 U.S. App. LEXIS 26091 at *5-6 (1991) ("'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court' . . . It is more likened to a statute of limitations subject to waiver, estoppel, and equitable tolling. " *quoting and citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *also citing Carlile v. South Routt Sch. Dist.*, 652 F.2d 981, 985 (10th Cir. 1981)). Therefore, since this one argument is effectively a 12(b)(6) argument, and Plaintiff has made reference to facts outside the pleadings, this Court will consider this part of Defendant's Motion, the timeliness argument, as a Motion for Summary Judgment.

## III.  WHETHER THE EEOC PROVIDED ADEQUATE NOTICE OF CLASS CLAIMS SUCH THAT ADMINISTRATIVE REMEDIES WERE EXHAUSTED

Movant argues that the EEOC failed to give Movant proper notice of claims against Donna Romero and other potential Class members.  *See* Movant's Motion at p. 1, ¶ 1, pp. 6-7 (Doc. 9); *see also* Movant's Reply pp. 5-7 (Doc. 14).  Movant admits that Ms. Encinias' complaint (which was sent to the Movant by the EEOC) alleged that other females and Hispanics were affected by a hostile work environment (Doc. 9, pp. 3-4), however Movant argues that it was not properly put on notice of the EEOC's class investigation/claims because on the

Complaint form filled out by Ms. Encinias, which the EEOC forwarded to Movant, the EEOC did not check the box for "is filing on behalf of others," and that subsequent letters from the EEOC were insufficient to put Movant on notice of class claims.  *See* Doc. 9, pp. 3-4.

The EEOC has promulgated complaint procedures for alleged violations of Title VII, and these are codified in 29 C.F.R. 1601.12.  In relevant part, 29 C.F.R. 1601.12 states:

> (a) Each charge should contain the following: (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7 . . . (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b) . . . (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.
>
> (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

In interpreting 29 CFR 1601.12, the Supreme Court has noted that the requirements that "the facts" stated in an EEOC complaint should not be interpreted too strictly, because to do so would render the EEOC impotent in its investigative powers.  *See EEOC v. Shell Oil Co.*, 466 U.S. 54,*70, 104 S. Ct. 1621, **1632, 80 L. Ed. 2d 41, ***57 (1984)  ("One reading of the crucial phrase would impose on the Commissioner a duty to specify the persons discriminated against, the manner in which they were injured, and the dates on which the injuries occurred. But such a construction of the regulation would radically limit the ability of the EEOC to investigate allegations of patterns and practices of discrimination.")

Indeed, it is often impossible for the EEOC to identify parties, timeframes and specific instances of violations of Title VII in its notice/complaint because the disclosure of the notice/complaint is required before an investigation can take place.  The Supreme Court has noted that

> the Commissioner rarely can identify any single instance of discrimination until the Commission has gained access to the employer's personnel records.  Thus, a requirement that the Commissioner in his charge identify the persons injured, when and how, would cut short most of these investigations.  That result would be manifestly inconsistent with Congress' intent.

*See EEOC v. Shell Oil Co.*, 466 U.S. 54,*70, 104 S. Ct. 1621, **1632, 80 L. Ed. 2d 41, ***57 (1984) .  However, a bare allegation that an employer has violated Title VII is insufficient. Instead, the Supreme Court has held that an EEOC Commissioner must "[i]nsofar as he is able . . . identify the groups of persons that he has reason to believe have been discriminated against, the categories of employment positions from which they have been excluded, the methods by which the discrimination may have been effected, and the periods of time in which he suspects the discrimination to have been practiced."  *See EEOC v. Shell Oil Co.*, 466 U.S. 54,*73, 104 S. Ct. 1621, **1633, 80 L. Ed. 2d 41, ***59 (1984).

Similarly, the Supreme Court has interpreted the notice provision of 706(b) as not requiring "specification of the persons discriminated against, the dates the alleged discrimination occurred, and the manner in which it was practiced" because to require this "would drastically limit the ability of the Commission to investigate allegations of systemic discrimination, and therefore would be plainly inconsistent with Congress' intent."  *See EEOC v. Shell Oil Co.*, 466 U.S. 54,*78, 104 S. Ct. 1621, **1636, 80 L. Ed. 2d 41, ***62-63 (1984) .  ("Accordingly, we construe 706(b) to require the Commission, within 10 days of the filing of a charge, to reveal to the employer all of the information that must be included in the charge itself under the current

version of 29 CFR 1601.12 (a) (3)").

In addition, courts have found that a reasonable cause determination by the EEOC is intended to provide a defendant with notice of the allegations against it.  "The reasonable cause of [*sic*] determination issued as a result of the investigation is designed to notify the employer of the EEOC's findings and to provide a basis for later conciliation proceedings . . . the EEOC's reasonable cause determination does not adjudicate rights and liabilities; it merely places the defendant on notice of the charges against him.  If the charges are not meritorious, procedures are available to secure relief, i.e., a de novo trial in the district court." 748 F.2d 1097, 1984 U.S. App. LEXIS 16574 at **6-8 (6th Cir. 1984); *citing EEOC v. Chesapeake and Ohio Railway*, 577 F. 2d 229 (4th Cir. 1978); *also citing EEOC v. E.I. DuPont de Nemours & Co.,* 373 F. Supp. 1321 (D. Del. 1974).

In the present case, even if we were to accept that the copy of Ms. Encinias' complaint filed with the EEOC, sent to Movant by the EEOC on or about September 18, 2007, gives Movant insufficient notice of class claims, this Court would still find that Movant had sufficient notice of class claims by virtue of the reasonable cause determination sent to Movant on July 9, 2008.  In this reasonable cause determination the EEOC states, among other things, "The evidence shows that the Charging Party *and at least* one other female were subjected to unwelcome sexual comments during their employment."  (emphasis added).  *See Def.'s Ex. H.* This is sufficient to put Movant on notice that class claims were potentially at issue.  In addition, prior to this, in a letter dated November 5, 2007, Plaintiff, in seeking investigative information, specifically asked Movant for evidence regarding allegations of other females regarding sexual harassment: "Has any applicant or employee complained or charged (either orally or in writing internally or externally) that any employee in the facility or worksite of [Movant or its affiliates]

at Mora, New Mexico, engaged in harassment, including sexual harassment, in connection with the employee's employment relationship?" *See Def.'s Ex. D*, #9. Further, in the same investigatory letter Plaintiff requested a list of all employees at the Mora site in table format, including, among other things, name, title, sex, race or national origin, date of hire, date of termination or resignation and reason for termination or resignation. *See Def.'s Ex. D*, #7. Clearly this puts Movant on notice of a class claims investigation as well. In addition, as stated *supra*, Movant received a copy of Ms. Encinias' original complaint filed with the EEOC on September 14, 2007. *See Def.'s Ex. A* (Doc. 9, p. 2). In this complaint Ms. Encinias states "Other females and other Hispanics were also adversely affected by the hostile work environment." *Id.*

In sum, there are several indications in the correspondence between Plaintiff and Movant that the EEOC was investigating potential class claims related to Ms. Encinias' allegations. Movant therefore had sufficient notice of potential class claims.

## IV.  WHETHER THE EEOC PROPERLY CONCILIATED ON BEHALF OF A CLASS

Section 706(b) of Title VII (The Civil Rights Act of 1964) requires that the EEOC attempt conciliation between a complainant and her (former) employer.

Movant argues that the EEOC failed to attempt to conciliate on behalf of the undefined class because only Donna Romero and Melony Encinias were present at conciliation meetings and were specifically identified, and because it did not have proper notice of Donna Romero's claims. *See* Movant's Motion at p. 1, ¶ 1, pp. 6-7; *See also* Movant's Reply pp. 5-7, *See also* Doc. 9 at 3-4. Therefore, Movant argues that Plaintiff did not make a "good faith" effort to conciliate.

Firstly, it is well established that even if the EEOC's conciliation efforts were insufficient, this would not be a jurisdictional bar to this suit: "Likewise, in *EEOC v. Keco Indus., Inc.*, the court stated the EEOC can file in court only after it is unable to successfully conciliate, but does not say it is a jurisdictional failure if the EEOC does not conciliate. [*citations omitted*] Further, the court in *Keco* considered the conciliation of the parties when considering the district court's grant of a motion for summary judgment. [*citations omitted*]. The court's subject matter jurisdiction never was challenged. Crownline and several appellate court cases state conciliation is a statutory duty, prerequisite to suit, or condition precedent to suit; however, as noted above, the cases do not state conciliation is a jurisdictional prerequisite. Jurisdictional prerequisites are not the same as preconditions to suit." *EEOC v. Crownline Boats, Inc.*, 2005 U.S. Dist. LEXIS 12100, *13-14 (D. So. Ill. 2005); *citing EEOC v. Keco Indus., Inc.*, 748 F.2d 1101, 1101 & 1099 (6th Cir. 1984).

Thus, a failure of the EEOC to show some effort to conciliate is a precondition to suit, as is notice by the EEOC to the Defendant of the failure/breakdown of conciliation; however, insufficiency of conciliation, as stated above, is not. *See Equal Employment Opportunity Comm'n v. Container Corp. of America*; *see also EEOC v. Hickey-Mitchell Co*, 507 F.2d 944 (8th Cir. 1974); *cited by EEOC v. Zia Company*, 582 F.2d 527, 1978 U.S. App. LEXIS 10131 (10th Cir. 1978). As explained in *Zia*, "the inquiry into the duty of 'good faith' on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts, not to its power over the cause." *Zia* at *533, **13-14. *See also EEOC v. Prudential Federal Savings and Loan Association*, 763 F.2d 1166, 1169, 1985 U.S. App. LEXIS 20681 at *5 (10th Cir. 1985) ("[W]hen the EEOC initially makes a sufficient albeit limited effort to conciliate, the minimal jurisdictional requirement of the Act is satisfied and the

action is therefore properly before the court.  Once this initial effort is made, 'if the district court finds that further conciliation efforts are required the proper course is to stay proceedings until such informal conciliation can be concluded.'" *Quoting Marshall v. Sun Oil Co.,* 592 F.2d 563 565 (10th Cir. 1979), *cert. denied*, 444 U.S. 826, 62 L. Ed. 2d 33, 100 S. Ct. 49 (1979)).  In the present case the record shows that the EEOC did make some effort to conciliate between the parties, and sent two notices of failure of conciliation to Movant on October 27 and 29, 2008. *See Pl.'s Ex. F-G*.  Therefore, preconditions to bringing suit in federal court have been met, and as stated above this suit is not barred by jurisdictional prerequisites.

In addition to these factors, we are also persuaded by the 6th Circuit's reasoning that 1) the form and substance of conciliation efforts is within the discretion of the EEOC; 2) the EEOC is under no duty to attempt further conciliation after an employer rejects its offer; and 3) in this case, a class-based claim alleging the same type of discrimination as the original complaint could reasonably be expected to grow out of the individual complaint.  *See EEOC v. Keco*, at *1101-1102, **10-13, (6th Cir. 1984).  As stated in *Keco*, "The district court finding that the EEOC did not sufficiently conciliate the class claim reflects an apparent dissatisfaction with the EEOC conciliation attempt.  This is not the appropriate standard of review.  The district court should only determine whether the EEOC made an attempt at conciliation.  The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review ... In this case, the class-based claim is basically the same as [the original complainant's] claim; only the number of plaintiffs has changed."  *Keco* at *1102, **13-14.

Plaintiff readily agrees, and case law supports, that the EEOC is required to make a "good faith" effort at conciliation. *See Zia* at *533, **14 ("We hold that the EEOC is required to act in good faith in its conciliation efforts." *citing* 118 *Cong. Rec.* H861 (1972)). However, "a court should not examine the details between the parties, nor impose its notions of what the agreement should provide." *Id.* at *533, **15.

We further conclude that it would not be appropriate to stay proceedings at this juncture and order further conciliation. To begin with, the Movant has not stated a desire to undergo further conciliation in any of its pleadings - rather, it argues for outright dismissal of Plaintiff's claims. In addition, this Court finds that the EEOC made a good faith attempt to conciliate. In making this determination, courts must look to the behavior of both parties. *See Prudential, supra,* at *1169, **5-6 ("Courts have recognized that 'because conciliation involves at least two parties, we must evaluate one party's efforts with an eye to the conduct of the other party.'" *Quoting Marshall v. Sun Oil Co.*, 605 F.2d 1331, 1335 (5th Cir. 1979)). In *Prudential*, the 10th Circuit held that the defendant's behavior, which included "refusal to undertake any significant dialogue, its outright rejection of the EEOC's initial settlement proposals, and its refusal to offer any serious counterproposals," lead to the court's decision to deny a motion to dismiss and its decision not to stay proceedings for the purposes of further conciliation efforts. In the case before this Court, Movant has similarly demonstrated a lack of willingness to participate in the conciliation process in good faith. The Movant rejected the EEOC's initial settlement proposals, refused to make any counterproposals at all (based on the record before this Court), and indicated that it did not intend to continue with conciliation. *See Pl.'s Ex. E.* Movant had previously objected to the EEOC, before conciliation efforts were concluded, that it had been unprepared to include Ms. Romero in conciliation efforts, and needed more time to investigate

claims regarding Ms. Romero.  The EEOC responded by providing Movant with three options, one of which was to postpone conciliation for thirty days until Movant had a chance to prepare. Movant chose this option, and received a thirty day extension by which to either submit a counteroffer to the EEOC, propose several dates for a rescheduled conciliation, or indicate its intention to reject conciliation efforts.  *See Pl.'s Ex. E.*  On the thirtieth day of this extension Movant sent a letter via fascimile to the EEOC in which it expressed its incredulity at the EEOC's findings, denied all allegations, and "given the EEOC's position" (i.e., its finding of probable cause), concluded that "we do not believe that it would be beneficial to continue with conciliation at this time."  *Id.*  Further, according to the record before this Court, the EEOC sent Movant two notices that conciliation had failed in October 2008, and in the five months that passed between those notices and the filing of this case in March 2009, there were no attempts by the Movant to reopen conciliation efforts.  As such this Court believes a stay of the proceedings for additional conciliation efforts would be futile.

As in the case of *Prudential*, we note that the Movant was aware that this claim would likely be brought to federal court.  *Prudential* at *1169, **6-7.  In short, Movant's argument that the EEOC did not properly conciliate as to class members is without merit - the Movant was aware of class allegations before the conciliation meetings, as discussed *supra*, and further, class allegations could be "reasonably expected to grow out of the initial charge of discrimination." Even if this were not true, failure to exhaust conciliation efforts would not be a jurisdictional bar to suit.  Therefore, that portion of the Motion to Dismiss Class Claims which is based on alleged failure by the EEOC to conciliate in good faith is **DENIED**.

V.  WHETHER CLAIMS ON BEHALF OF THE CLASS, AS YET UNDEFINED, ARE
    TIMELY

       As stated above, this Court will convert that portion of Defendant's <u>Motion</u> which relies

on a timeliness argument into a Motion for Summary Judgment.  As such, that portion of

Defendant's Motion is **DENIED**.  In considering a motion for summary judgment, the facts must

be construed in the light most favorable to the nonmovant.  *See Anderson et. al. v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, *255, 106 S. Ct. 2505, **2513, 91 L. Ed. 2d 202, ***216 (1986) ("The

evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his

favor").   In this case, there remain genuine issues of material fact such that summary judgment

would not be appropriate.  *See Roller v. Majors*, 2007 U.S. Dist. LEXIS 2307, 6-7 (N.D. Okla.

2007).  The parties have a genuine dispute as to whether or not the acts complained of are

collectively part of a hostile work environment or are discrete, independent acts.

       This district has held that "'[h]ostile environment claims are different in kind from

discrete acts. Their very nature involves repeated conduct'" and they "'occu[r] over a series of

days or years.'"  *King v. Kempthorne*, 2009 U.S. Dist. LEXIS 47153 at *15; *quoting National*

*Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S. Ct. 2061, 153 L. Ed. 2d 106

(2002) (internal citations and quotations omitted).  Therefore, if one of the incidents in the

complaint occurred within the prescribed time limit, none of the conduct that contributed to a

hostile work environment is time barred.  *See Morgan* at *15-16 ("Thus, so long as one of the

incidents included within the claim of hostile environment occurred within the 45-day time limit

provided for under 29 C.F.R. § 1614.105(a)(1), other conduct that occurred outside of the

proscribed time period, but contributing to the hostile-work environment, is not time barred.") It

is for the court "to determine whether the acts about which an employee complains are part of

the same actionable hostile work environment practice, and if so, whether any act falls within the

statutory time period." *Id.* at **2066, ***115, *103. This issue is not resolved clearly in the Movant's favor based on the record, therefore we must deny the Motion for Summary Judgment as pertains to timeliness of class claims:[3] taken in the light most favorable to the nonmovant, any incidents that contributed to the hostile work environment of which Ms. Encinias complains are not time barred, since her claim was timely.[4]

## VI.  WHETHER THE EEOC'S CLAIMS ARE GEOGRAPHICALLY LIMITED TO MORA, NEW MEXICO

Movant argues that this claim must be dismissed as pertains to any claims arising outside the geographical area of Mora, New Mexico, because it did not have notice from the EEOC during administrative proceedings that events in any other geographical area were being investigated.

In defense to this argument, Nonmovant cites *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). *Morgan* does not specifically discuss geographic scope. However, Morgan does state that "a complaint filed by the EEOC is limited to the investigation reasonably expected to grow out of the initial discrimination." In *Morgan*, after investigation the EEOC filed a class claim, which was broader than the original individual claim filed with the EEOC by

---

[3]  At a very basic level, it is the Defendant's burden to show that there is no genuine issue as to material facts, including timeliness, in its motion to dismiss - no such assertion has been made. For all we know, the discriminatory conduct suffered by unnamed class members is allegedly ongoing - the record simply is not clear. "In the statute-of-limitations context, the initial burden is on the moving party to demonstrate that there is no genuine issue of material fact as to the running of the statute of limitations." *Nehls v. Farmers Alliance Mut. Ins. Co.*, 238 F. App'x 381, 383 (10th Cir. July 10, 2007); *citing Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996); *cited by Everplay Installation, Inc. v. Guindon*, 2009 U.S. Dist. LEXIS 113054 at *13 (D. Colo. 2009). Further, "[t]he question of whether a plaintiff should have discovered the basis of his suit under the doctrine of equitable tolling does not lend itself to determination as a matter of law." *Richardson v. Frank*, 975 F.2d 1433, 1436 (10th Cir. 1991); *quoted by Everplay Installation, Inc. v. Guindon*, 2009 U.S. Dist. LEXIS 113054 at *14 (D. Colo. 2009).

[4]  This court makes no judgment, however, on the merits of Plaintiff's claim.

the employee complainant in that it included a larger class of complainants.  The 6th Circuit

Court found that broadening of the claim to encompass additional individuals was a development

that should have been reasonably expected by the Defendant.  *See Nat'l R.R. Passenger Corp. v.*

*Morgan*, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).  Similarly, in this case,

Movant should have reasonably expected that claims brought by the EEOC might encompass

employment practices at any locations at which its Mora, New Mexico employees performed

work.  Plaintiff acknowledges that it made an error in paragraph 8 of its Complaint in

substituting the word "Albuquerque" for "Mora," and states that had the Movant checked with

Plaintiff prior to filing its Motion to Dismiss, Plaintiff would have corrected this error.  *See*

Plaintiff's Response, p. 19 (Doc. 11).  However, Plaintiff also correctly points out that because

the nature of complainants work was transitory in terms of location - flagging along highways -

that the alleged discrimination could have potentially taken place along any of the highways

where the complainant, or other members of the class employed at the Mora facility, were

performing their duties.

Movant cites *EEOC v. Outback Steakhouse* in support of its position that it did not

receive notice that Plaintiff's claims might extend beyond the boundaries of Mora, New Mexico,

therefore claims for incidents outside of Mora, New Mexico should be dismissed.  *Outback* is

easily distinguished from the current controversy.  In *Outback*, the corporate entity being sued

was legally structured as a franchise.  The EEOC began an investigation of a three-state region,

from which its complaints originated, consisting of 21 stores, the managers of all of these stores

reporting to one individual who had an ownership interest and was responsible for implementing

any nationwide policies of the parent company.  This regional manager was alleged to have

personally engaged in some of the allegedly sexist and discriminatory behavior at issue.  After

conciliation failed, the EEOC sought to expand the scope of its claim to a nationwide level when it made its filing in federal court.  The district court ruled for the defendant, limiting the scope to the original three-state region, and finding that the Defendant was not put on notice of potential nationwide claims.  The district court noted, "The Tenth Circuit has not yet addressed whether the EEOC may bring nationwide claims against a national employer-defendant when the EEOC investigation centers largely around a particular region of the country.  Outside the Tenth Circuit, there is seemingly conflicting caselaw on this point."  520 F. Supp. 2d 1250, *1264, 2007 U.S. Dist. LEXIS 81486, **34 (Dist. Co. 2007).

In the instant case, Plaintiff is not attempting to broaden the scope to a nationwide complaint, nor to incorporate states in which the original complainants did not work.  Rather, as Plaintiff has clarified, the scope is limited to Mora, New Mexico and other localities in which Ms. Encinias and other members of the Mora-based class may have performed their duties.  Plaintiff had reasonable notice of potential claims arising out of Mora, New Mexico and nearby locations where Ms. Encinias and other members of the class, who were employees of the Mora, New Mexico location, may have performed their duties - we have no indication of a nationwide scope, nor of a scope that extends beyond the management branch under which Ms. Encinias falls.

Therefore, this court DENIES IN PART AND GRANTS IN PART Plaintiff's Motion to Dismiss claims outside Mora, New Mexico.  Movant's motion to dismiss class claims that fall outside the geographical region in which Mora, New Mexico employees performed their job functions (as yet to be determined) is **GRANTED**.  Movant's Motion to Dismiss class claims as to any locations outside of Mora, New Mexico where Mora, New Mexico-based employees were sent to perform their duties (as yet to be determined), is **DENIED**.

## VII.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,  **IT IS**

**ORDERED** that the Defendant's Motion to Dismiss Class Claims (Doc. 9) is **DENIED**, except

for those claims that relate to employees that are not currently, or were not in the past, based in

Mora, New Mexico, for which the Motion is **GRANTED**.

**DATED** this 25th day of March, 2010.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**


**Plaintiff**
**Equal Employment Opportunity**
**Commission**

represented by **Gwendolyn Young Reams**
EEOC
Legal Counsel Office
1801 L Street, NW
Washington , DC 20507
(202) 663-4669
Email: gwendolyn.reams@eeoc.gov
_LEAD ATTORNEY TO BE NOTICED_


**James L Lee**
EEOC
Legal Counsel Office
1801 L Street, NW
Washington , DC 20507
(202) 663-4669
Email: james.lee@eeoc.gov
_LEAD ATTORNEY TO BE NOTICED_

**Loretta F Medina**
EEOC
505 Marquette, NW
#900
Albuquerque , NM 87102
(505) 248-5230
Fax: (505) 248-5217
Email: loretta.medina@eeoc.gov
*LEAD ATTORNEY TO BE NOTICED*


**Mary Jo O'Neill**
EEOC
Phoenix District Office
3300 North Central Avenue
#690
Phoenix , AZ 85012-2504
(602) 640-5000
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
*LEAD ATTORNEY TO BE NOTICED*


**Sally C Shanley**
EEOC
Phoenix District Office
3300 North Central Avenue
#690
Phoenix , AZ 85012-1848
602-640-5032
Fax: 602-640-5009
Email: sally.shanley@eeoc.gov
*LEAD ATTORNEY TO BE NOTICED*

**Veronica A Molina**
Modrall, Sperling, Roehl, Harris & Sisk, PA
Equal Employment Opportunity Commission
Legal Unit
505 Marquette N.W., Suite 900
Albuquerque , NM 87102
(505) 248-5231
Fax: (505) 248-5217
Email: veronica.molina@eeoc.gov
*LEAD ATTORNEY TO BE NOTICED*

**Defendant**
**Fisher Sand & Gravel, Co.**

represented by **Alex Cameron Walker**
500 Fourth St NW
Suite 1000
Albuquerque , NM 87102
(505) 848-1861
Fax: (505) 848-1882
Email: awalker@modrall.com
*LEAD ATTORNEY TO BE NOTICED*

**Jennifer A. Noya**
Modrall Sperling Roehl Harris & Sisk PA
P.O. Box 2168
Albuquerque , NM 87103
(505) 848-1800
Email: jnoya@modrall.com
*LEAD ATTORNEY TO BE NOTICED*