**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                                                                                              CV 09-309 MV/WPL

FISHER SAND & GRAVEL CO.,

      Defendant.

**ORDER**

      In the latest of the discovery disputes in this case, the EEOC seeks to compel Fisher Sand & Gravel to produce certain personnel files and financial documents pursuant to the confidentiality agreement attached to the EEOC's motion. (Doc. 77.) When I ordered Fisher to produce the documents last December, I was "confident" that counsel for the parties could work together to draft an appropriate confidentiality order. (Doc. 42 at 9.) This is the seventh discovery motion in a fairly simple case, which demonstrates that I was too optimistic about the prospects of counsel doing so.

      Setting aside the parties' by-now familiar attacks on each other, it appears that counsel were able to resolve most of the issues concerning the confidentiality order, but they disagree about whether the EEOC should return Fisher's confidential records when the litigation is completed. The EEOC claims that it is obligated to retain the documents under both the Federal Records Act (FRA) and the Freedom of Information Act (FOIA). While the EEOC cites to provisions of FOIA that concern exemptions from disclosure, it has failed to cite any provisions of FOIA that demonstrate that FOIA mandates that the EEOC maintain these records. I will not search FOIA to discover the

citations that the EEOC should have provided. Thus, the EEOC has failed to establish that the records are subject to retention under FOIA.

The FRA established the National Archives and Records Administration (NARA), which "governs the management, retention, and disposal of federal records." *Rohrbough v. Harris*, 549 F.3d 1313, 1316-17 (10th Cir. 2008) (citing 44 U.S.C. chs. 21, 25, 29, 31 and 33). Fisher presents only a skeletal argument in the two paragraphs it devotes to whether the records are subject to the FRA. After quoting the definition of "records" in 44 U.S.C. § 3301,[1] Fisher asserts that the documents are not subject to the FRA because the documents (1) will not be "received" by the EEOC, (2) are not evidence of the EEOC's organization, functions, policies, decisions, procedures, operations, or other activities and (3) do not have any informational value to the EEOC.

The Tenth Circuit discussed what records federal agencies must preserve in *Rohrbough*, two consolidated cases that arose out of the Columbine High School shooting. The district court held that depositions that were taken before the court's special master but not filed with the court were subject to the FRA. *See Rohrbough*, 549 F.3d at 1315-16. The Tenth Circuit affirmed on this issue over a spirited dissent by Judge Lucero. The majority relied upon the definition of the term "records" found in 44 U.S.C. § 3301:

> [A]ll books papers, maps, photographs, machine readable materials, or other documentary materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the Government or because of the informational value of data in them.

---

[1] Although Fisher purports to quote part of 44 U.S.C. § 3301, its quotation is neither accurate nor complete. (*See* Doc. 86 at 3.)

*Id.* at 1317. According to the majority, to qualify as records under the FRA, the records must be (1) made or received by a federal agency, and (2) preserved by the agency or appropriate for preservation "because they are evidence of government performance or because they contain other information of value." *Id*. The majority held that the special master was an arm of the court so that his receipt of the depositions constituted receipt by the district court. *Id*. at 1318-19.

In his dissent, Judge Lucero rejected the contention that agencies must preserve records that have only "informational value." Judge Lucero criticized the majority for relying on the broad definition of "records" found in § 3301, which appears in the chapter titled "Disposal of Records." *Id*. at 1324. Judge Lucero instead relied upon § 3101 as his starting point:

> The head of each Federal agency shall make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency and designed to furnish the information necessary to protect the legal and financial rights of the Government and of persons directly affected by the agency's activities.

*Id.* at 1323. According to Judge Lucero, the specific definition of what records must be maintained by agencies in § 3101 controls over the broader definition of "records" found in § 3301. *Id*. at 1323-24. Further, Judge Lucero noted that the objectives of FRA records management are to "document [ ] . . . the policies and transactions of the Federal Government." *Id*. at 1322 (quoting 44 U.S.C. § 2902(1)) (alterations in original). Judge Lucero concluded that the role of agencies under the FRA is to preserve their own records that contain information regarding the agency's "organization, functions, policies, decisions, procedures, and essential transactions," and not to preserve records that have historical or informational value. *Id.* at 1330-31.

I reject Fisher's fanciful claim that the documents would be provided to the EEOC only "for temporary use" so that the EEOC would not "receive" them. (Doc. 86 at 4.) In *Rohrbough*, the Tenth Circuit quoted approvingly a NARA regulation that defines "received" as "the acceptance or

collection of documentary materials by agency personnel in the course of their official duties regardless of their origin . . . and regardless of how transmitted." 549 F.3d at 1318 (quoting 36 C.F.R. § 1222.12(b)(4)) (italics omitted). This comports with the standard definition of "receive," which is "to take possession or delivery of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1894 (1993).

I agree with Fisher that the documents are not evidence of the EEOC's functions, policies, decisions, procedures, operations or other activities. Fisher's final argument is that the EEOC has failed to establish that the documents have information of value to the EEOC. This issue was not specifically addressed in *Rohrbough* because the plaintiffs did not contest that the depositions had informational data in them. *See* 549 F.3d at 1317. Section 3301 does not require the documents to have substantial or significant information value or information of value to the general public. I have no trouble concluding that Fisher's personnel files and financial documents contain informational data within the meaning of the Act.

Pursuant to *Rohrbough* I am compelled to find that the confidential documents are subject to retention under the FRA because they will be received by the EEOC and they are appropriate for preservation because they contain information of value. Fisher shall produce the personnel files and financial documents pursuant to the confidentiality agreement attached to the EEOC's motion.

IT IS SO ORDERED.

                                                        WILLIAM P. LYNCH
                                                        UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.